GOBLES, warden, *v.* HAYES *et al.*

No. 14137.   JULY 15, 1942.

*John T. Ferguson* and *Preston Rawlins,* for plaintiff in error.

BELL, Justice.   On July 17, 1941, during the July term, 1941, of the superior court of Early County, Eugene McDonald and Horace Hayes entered pleas of guilty upon an accusation charging them with the offense of cattle-stealing, and were sentenced to a term of two years each in the State penitentiary.   Twelve days afterwards, they being confined in jail in the meantime, they began actual service of their sentences in the penitentiary.   In December, 1941, during the same July term, which had been kept open by express order, each sentence was so amended as to read as follows:

"Defendant shall serve misdemeanor sentence, to wit: twelve months in the public-work camp, and following that six months in jail, but after serving four and one-half months of said public-work camp sentence, including time in jail prior to, as well as subsequent to, entrance into public-work camp, that he be discharged from his confinement and allowed to serve the remainder of sentences aforesaid outside of the confines of prison, on probation, and subject to his good conduct."   It was further ordered as to

each defendant that he be forthwith released from custody, and that a copy "of this amendment be . . furnished the Penal Board of Georgia, in order that said prisoner be released from his confinement."

The warden in charge having refused to release the defendants as directed, an application for the writ of habeas corpus was instituted in their behalf. The warden filed a response, alleging that he was holding the defendants under jurisdiction of the State Prison Commission, in virtue of the original sentences imposed in July, 1941. The case was tried on an agreed statement showing the facts above recited. The judge passed an order sustaining the writ, and the warden excepted. (As to substitution of "public-work camp" for "chain-gang," see Ga. L. Ex. Sess. 1937-38, p. 352.)

The offense of cattle-stealing is a reducible felony, and the defendants could originally have been sentenced as for a misdemeanor. Code, § 27-2501; Ga. L. 1939, p. 285, § 2. The sole question presented in this court is whether the court had jurisdiction to amend the sentences after the defendants had begun service thereunder, although the amendments were made during the same term at which the original sentences were imposed, and had the effect of reducing or mitigating the punishment as fixed thereby. There are numerous decisions to the effect that a trial court is without power to change a sentence after the defendant has been committed thereunder, by increasing the punishment, even during the same term in which the original sentence was passed; and while in some jurisdictions it has been held that the punishment can not even be *reduced* during the same term, after the defendant has entered upon execution of the original sentence, there is a decided conflict in the authorities on the latter question. The question here is not one as to the power of a court to correct its judgments or minutes so as to make them conform to the truth, such as was involved in *Merritt* v. *State,* 122 *Ga.* 752 (50 S. E. 925), *Tyler* v. *State,* 125 *Ga.* 46 (53 S. E. 818), and *Pulliam* v. *Jenkins,* 157 *Ga.* 18 (121 S. E. 679). The case also differs from *Porter* v. *Garmony,* 148 *Ga.* 261 (96 S. E. 426); *Shaw* v. *Benton,* 148 *Ga.* 589 (97 S. E. 520), holding that a trial judge, after adjournment of the term at which an original sentence was imposed, has no authority to change or modify it; the change here having been made

*during the term* of the original sentences. Nor is *Mathews* v. *Swatts,* 16 *Ga. App.* 208 (84 S. E. 980), in point, when the facts of that case are duly considered. In *Rutland* v. *State,* 14 *Ga. App.* 746 (82 S. E. 293), it was stated that if the defendant has complied with or entered upon the execution of a valid sentence, it can not be set aside and a new or different one imposed, even at the same term; but in that case the punishment was increased, and was so increased after the original term had passed. Hence, neither did that decision deal with the instant problem.

In Emerson *v.* Boyles, 170 Ark. 621 (280 S. W. 1005, 44 A. L. R. 1193), it was held by the Supreme Court of Arkansas that where a convict has entered upon the execution of a valid sentence, the court can not during the term in which such sentence was imposed set it aside and render a new and different one, notwithstanding the punishment is reduced or mitigated, and although the defendant himself accepts the change and claims the benefit of it; but in that case there was a dissenting opinion, concurred in by two Justices, which in the view of this court stated the sounder doctrine. In Hickman *v.* Fenton, 120 Neb. 66 (231 N. W. 510, 70 A. L. R. 819), the Supreme Court of Nebraska applied the same rule as to jurisdiction, although in that case the effect of the modification was to impose a greater penalty. For authorities pro and con, especially as to mitigation, see annotations following these cases in 44 A. L. R. 1203; 70 A. L. R. 822; and see 24 C. J. S. 118-120, § 1589; 15 Am. Jur. 128-131, §§ 473, 474.

The decisions holding that there is a lack of jurisdiction in such circumstances are usually based upon the principle that no person shall be subject to be put in jeopardy more than once for the same offense, but would seem to misapply the principle where the punishment is actually ameliorated and the defendant himself is not complaining. There can be no double or second jeopardy in mere reduction of punishment. As to waiver of the defense of former jeopardy, see *Hall* v. *State,* 103 *Ga.* 403 (29 S. E. 915); *Brantley* v. *State,* 132 *Ga.* 573 (64 S. E. 676, 65 S. E. 426, 22 L. R. A. (N. S.) 959, 131 Am. St. R. 218, 16 Ann. Cas. 1203), affirmed, 217 U. S. 284, 30 Sup. Ct. 514, 54 L. ed. 768). Some of the decisions appear to have misconstrued the early decision of the United States Supreme Court in the matter of Lange, 85 U. S. 163 (21 L. ed. 872), where it was held that after a fine had been

imposed and paid, the court could not, even during the same term, modify the judgment by imposing imprisonment instead of the former sentence. That decision was explained in the recent decision of United States v. Benz, 282 U. S. 304-311 (51 Sup. Ct. 113, 75 L. ed. 354), where it was held that the power of a court to amend a sentence of imprisonment during the term in which it was imposed, *by shortening the period of imprisonment,* continues after service of the sentence has begun. It was also held that no usurpation of the pardoning power was involved in such amendment. The decision was rendered in 1930, and should serve to explain much of the conflict as it existed in the past, if not also to induce greater harmony in the future.

The superior court, as a general rule, has plenary power over its orders and judgments during the term at which they were rendered, and may amend, correct or revoke them for the purpose of promoting justice. "During the term of the court at which a judgment is rendered, it is within the breast of the presiding judge, and may be vacated upon proper cause shown; but after the term has expired, the judgment 'is upon the roll' and is not subject to review or revision by the trial court." *Sims* v. *Georgia Railway & Electric Co.,* 123 *Ga.* 643, 645 (51 S. E. 573). While the discretion in such case is not unbounded and should be exercised only upon sufficient cause shown, the question of sufficient cause would relate ordinarily to mere error, and not to jurisdiction. The question here is not whether the judge may have erred in amending the sentences, even though the State could not have excepted, but is whether he acted within his jurisdiction in so amending them. Even now the defendants are not complaining, but are seeking advantage of the milder penalties.

The court not only so changed the sentences as to impose punishment as for a misdemeanor, but ordered that the remainder of each sentence should be served on probation. In United States v. Murray, 275 U. S. 347 (48 Sup. Ct. 146, 72 L. ed. 309), it was held that a Federal district judge can not place a convict on probation after he has begun the service of his sentence; but the language of the Georgia probation law is somewhat different from that contained in the Federal statute and does not reasonably admit of the construction that was placed upon the Federal law in the Murray case. Code, § 27-2702; Ga. L. 1939, p. 285, § 4.

In this connection, we have been reminded of the Code, § 77-313, providing that "All convicts, whether sentenced for felony or misdemeanor crimes, and all convict camps shall be under the direct supervision of the Prison Commission, which shall provide rules and regulations for the management, discipline, and control of said convicts, and of said convict camps, subject to the approval of the Governor." It is insisted by counsel that, under this section, when the defendants began execution of their sentences they immediately came under the exclusive jurisdiction of the Prison Commission, and for this reason the sentences were not afterwards subject to change or revision by the court. We can not sustain this contention. The function of the Prison Commission under this section is merely to enforce sentences that are lawfully imposed, and the question as to whether a court is acting within its jurisdiction in modifying a sentence is in no wise affected by this section.

The court was not without jurisdiction, during the same term at which the sentences were rendered, to amend them in the respects indicated, and the judge did not err in sustaining the writ and discharging the prisoners in accordance with the sentences as amended.

*Judgment affirmed. All the Justices concur, except Duckworth, J., who dissents.*