## 31953. ENGLAND v. NEWTON.

UNDERCOFLER, Presiding Justice.

The state appeals this habeas corpus case after the habeas court granted the petitioner relief. It involves sentencing on revocation of probation where there has been an intervening sentence. The state argues that the revoked probated sentence may be made consecutive to the intervening sentence, while the petitioner insists that

it must be concurrent. We agree with the habeas court and the petitioner and affirm.

Ernest Rudy Newton pleaded guilty to burglary in August, 1973, and received a five-year probated sentence. On February 23, 1974, a jury in another county found him guilty of a separate burglary and he was given an eight-year sentence to serve. Immediately thereafter, because the second conviction violated his probation regulations, his probation on the first offense was revoked. The probation court ordered him to serve the remaining time of his first sentence "subject, however, to the further provision that said sentence run conse[c]utive . . . [to the second sentence]."

Code Ann. § 27-2709 states in part that the "sentencing judge [of a probated sentence] shall not lose jurisdiction over any person placed on probation during the term of said probated sentence, and such judge is hereby empowered to revoke any or all of said probated sentence, rescind any or all of said sentence, or in any manner deemed advisable by said judge *to modify or change said probated sentence at any time during the period of time originally described for the probated sentence to run.*" (Emphasis supplied.) The state relies on this emphasized language.

Code Ann. § 27-2502 provides, on the other hand, in material part that "after the term of court at which sentence. is imposed the superior .court judges·shall·have no authority to suspend, probate, *modify or change the sentences of said prisoners except as otherwise provided.*" (Emphasis supplied.)

We agree with the state that Code Ann. § 27-2709 allows the court to modify or change a probated sentence beyond the term of court and that Code Ann. § 27-2502 is not in conflict because of the "otherwise provided" clause emphasized above. The state also claims, however, that this court should disapprove of *Mauldin v. State,* 139 Ga. App. 13 (227 SE2d 862) (1976), which is directly on point with the case before us. It holds that the probation revoking court may *not* make the revoked sentence consecutive to an intervening sentence. The state urges that it should be overruled on the ground that the Court of Appeals relied solely on Code Ann. § 27-2502 without

regard to Code Ann. § 27-2709 which authorizes such a change. We decline to do so, however, since the result is correct for the reasons set out below.

Code Ann. § 27-2713 allows the probating court to "revoke, modify or continue the probation. If such probation is revoked, the court may order *the execution of the sentence originally imposed, or any portion thereof.*"[1] (Emphasis supplied.) It is clear from this section that the revoking court may not increase the original sentence. Thus the language "modify or change" in Code Ann. § 27-2709 is limited by Code Ann. § 27-2713.

The sentence may be modified or altered by the probation court, but it may not be increased. This ruling comports with *Inman v. State,* 124 Ga. App. 190 (183 SE2d 413) (1971), where the Court of Appeals correctly held that once the defendant begins to serve his sentence, it may not be increased. See *Carrindine v. Ricketts,* 236 Ga. 283 (223 SE2d 627) (1976). There is no question whether making the revoked probated sentence consecutive to the intervening sentence is an increase in punishment. It clearly is, and therefore is not allowable.

Furthermore, the second trial court, in imposing the intervening sentence, has presumably already considered the first sentence in determining the punishment for that second offense. It may even provide that it run consecutively to the first sentence, if revoked. *Taylor v. State,* 136 Ga. App. 317 (221 SE2d 224) (1975). Therefore, to now allow the first court to modify the probated sentence being revoked, so that it would run consecutively to the second sentence which made the sentences concurrent,[2] would be to allow, in essence, a modification of the second court's sentence. This it clearly has no jurisdiction to do.

The habeas court correctly held that the revoked probated sentence should run concurrently with the

---

[1] The probationer is given credit for the time served on probation toward completion of the original sentence.

[2] Code Ann. § 27-2510 provides that unless a later sentence specifically is made to run consecutively, it must run concurrently.

second eight-year sentence.
*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 16, 1977 — DECIDED
MARCH 10, 1977.

*Arthur K. Bolton, Attorney General, Daryl A. Robinson, Staff Assistant Attorney General,* for appellant.
*Thomas J. Killeen,* for appellee.