## 56598. TURNIPSEED v. THE STATE.

DEEN, Presiding Judge.

The defendant was sentenced as for a misdemeanor in a bastardy proceeding on September 27, 1968. The sentence involves incarceration, a fine, lying-in expenses, and weekly support payments of $12.50. Both the words "probated" and "suspended" are used in the sentence, which is here treated as a suspended sentence, service of which may be deferred, on payment of support, until the child becomes 14 years of age (when it becomes unenforceable) or which may be revoked prior to that time after notice and hearing on failure to pay. Code § 27-2709. In both bastardy and abandonment cases, the service of the suspended sentence does not *commence* until the suspension feature is revoked, whereas in all other cases where the defendant is placed on probation, the period of maximum sentence is to be counted from the date the sentence begins. *Entrekin v. State,* 147 Ga. App. 724 (1978). And while under Code § 27-2709, the trial court does have jurisdiction to change or modify the terms of the original sentence, it cannot, under Code §§ 27-2713 and

27-2502, *increase* the sentence originally passed. *England v. Newton,* 238 Ga. 534 (233 SE2d 787) (1977).

After the original suspended sentence was entered in 1968, the court held a hearing in 1974 and ordered child support payments in the future to include medical bills, and certain arrearage caught up as conditions of probation. A second post-sentence hearing was held on April 11, 1978, at a time when the defendant was not in arrears under either of the prior orders, the stated purpose being "for reconsideration of the terms of defendant's suspended sentence," and the weekly payments were increased from $12.50 to $25. The effect of this was of course to increase the terms of the sentence originally passed and as such it was illegal, without regard to the ancillary question dealt with in *Entrekin,* supra, which holds that once service of a suspended sentence begins, either by incarceration or probation, it cannot exceed the maximum sentence of confinement which could have been imposed. Code § 27-2709.

The difference between abandonment or bastardy cases and other probated or "suspended" sentence cases is this: In the ordinary case where probation and/or confinement are involved, they begin immediately and cannot continue beyond the maximum period of sentence. In abandonment and bastardy cases, on the other hand, the service of the sentence may be postponed ("suspended"), but remain viable in the first instance until the child is 18, and in the second until he is 14, years of age. The "suspension" feature may be eliminated, after notice and hearing, for failure to abide the terms relating to weekly support payments, etc. But once the suspension feature is eliminated, and the sentence modified to embrace confinement and/or probation as the case may be, the defendant does in fact enter upon the service of the sentence, and its probated feature, if any, cannot exceed the length of time applicable if incarceration instead of probation had been mandated.

For both these reasons the judgment increasing the defendant's weekly support payments, and attempting to maintain a continued jurisdiction over the case some years after the probation hearing of 1968, was error.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED SEPTEMBER 13, 1978 — DECIDED OCTOBER 25, 1978.

*Harvey A. Monroe,* for appellant.
*Leonard Cohen, Solicitor,* for appellee.