## 56517. ENTREKIN v. THE STATE.

DEEN, Presiding Judge.

1. "Statutes providing for the suspension of a sentence or the probation of a defendant must be strictly followed." *Cross v. Huff,* 208 Ga. 392, 396 (67 SE2d 124) (1951).

2. Code § 27-2709 (Ga. L. 1956, pp. 27, 31) provided: "The period of probation shall not exceed the maximum sentence of confinement which could be imposed upon such defendant." Thus, for a misdemeanor, the probated sentence must be considered served at the end of the 12-month period. Ga. L. 1960, p. 1148, § 1, added to this sentence "except that in a prosecution for and conviction of the offense of abandonment, the trial court may suspend the service of the sentence imposed in the case upon such terms and conditions as it may prescribe for the support by the defendant of the child or children abandoned, respectively, during the[ir] minority," service

to begin when, after notice and hearing, it is made to appear that the defendant failed to comply with the terms under which the sentence was suspended. Ga. L. 1972, pp. 604, 609, eliminated these provisions but replaced them in similar form in Code Ann. § 27-2709. "Service of any sentence so suspended in abandonment cases may be ordered by the court having jurisdiction thereof" at any time before the child reaches the age of majority. See *Daniel v. Whitlock,* 222 Ga. 192 (149 SE2d 79) (1966).

The court may thus, at the time of sentencing, specify the amount to be paid by the parent for the support of the minor child and may suspend the service of the sentence pending the minority of the child. When the child reaches majority, the sentence of course is at an end.

3. On the other hand, where a sentence is merely probated, the probationary feature of the sentence ends when the elapsed time equals the maximum sentence of confinement which could have been imposed. These distinctions comply with Code § 27-2714 which provides that the suspension of the execution of a sentence "shall not have the effect of placing such defendant on probation."

4. Code § 27-2709 (Ga. L. 1972, pp. 604, 609) which provided that the court not lose jurisdiction over a defendant during the term of a *probated* sentence, but have power to change or modify it during the period of time originally described for the probated sentence to run, has itself been modified by Code Ann. § 27-2502 (Ga. L. 1974, pp. 352, 354) providing that "after the term of court at which the sentence is imposed by the judge, he shall have no authority to suspend, probate, modify or change the sentence of said prisoner, except as otherwise provided." This language has been construed in *England v. Newton,* 238 Ga. 534 (233 SE2d 787) (1977) to mean that while the court may change the original sentence he may not increase it.

5. In the present case the defendant pled guilty to abandonment of two minor children on November 13, 1972. He was sentenced to serve 12 months and pay a fine of $50, execution of sentence to be *suspended* upon his payment of $40 per month for the support of the children. In March, 1973, he was arrested and ordered released

upon payment of $200 arrearage. In June, 1973, he was found "not to have complied with the terms of his *probated* sentence" and ordered returned to the county jail. On July 13, 1973, he was released on payment of $680 arrearage, regular payments for child support to recommence on July 27. On January 11, 1974, it was again found he had "not complied with the terms of his probated sentence" and he was confined for 30 days. On January 17, 1975, the court revoked "9 1/2 months of the aforesaid probated sentence." He was released on March 13, 1975 and ordered to recommence payments of $40 per month plus $10 per month to apply to accumulated arrearage. On February 20, 1976, an agreement suspending child support payments was entered into and made the order of the court. The next order in this record, dated February 20, 1976, remands the defendant to custody for a period of 7-1/2 months. On March 8, 1976, he was "remanded back to probation." On April 2, 1976, support payments were increased to $50 per month. On August 27, 1976, defendant was returned to jail to serve a period of seven months. On September 10 he was "restored to probation," and ordered to pay $50 per week support and $25 per week arrearage.

On April 21, 1978, at a time when it appeared that the defendant had not been delinquent in support payments since restored to probation, the court ordered another increase in payments to $60 per month, and denied the defendant's objection to the jurisdiction of the court based on the contention that more than 12 months had elapsed from the date of the previous order.

It appears from the foregoing facts that the sentence was suspended in the original 1972 order. While, being a *suspended* rather than a *probated* sentence it did not expire automatically at the end of the 12-month maximum sentence, it simply *did not begin* as a sentence, under the terms of Code § 27-2709, until after notice and hearing, which presumably was held in 1973. At that time the defendant was returned to jail and began service of a sentence, probated from time to time, but which, as a sentence served partly while incarcerated and partly on probation, terminated within 12 months from that date. The court, having revoked the suspension of the sentence,

incarcerated the defendant, and thereafter having placed him on probation, had no further authority to contend that the service of the sentence was suspended. It was not suspended; it was probated. Once commenced, whether by service of probation or incarceration, it could not continue beyond the maximum period of punishment for this misdemeanor. The sentence here has accordingly expired according to its terms.

6. Further, as pointed out in *England v. Newton,* 238 Ga. 534, supra, the revoking court has no authority to increase the original sentence. Therefore, where the suspension of execution of the sentence was dependent upon a payment for child support of $40 per week the court had no authority to increase the amount to $60 and this provision was void.

7. It is further contended that a sentence which is suspended cannot be revoked as to the suspension feature without notice and opportunity to be heard. This is true as the modification may be made only after hearing and a finding by the court that the defendant has failed to comply with the terms under which the sentence was suspended. Here it appears unequivocally that the defendant was complying with the terms of the sentence at the time the trial court elected to raise the child support, and further that he did so without any hearing on the ability of the defendant to make the increased payments.

This particular sentence was modified by the court by conversion into a sentence served by the defendant partly on probation and partly while incarcerated, and has expired according to its terms.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED SEPTEMBER 13, 1978 — DECIDED OCTOBER 25, 1978.

*McCord, Cooper, Voyles & Kimbrough, James M. Kimbrough,* for appellant.

*Leonard Cohen, Solicitor pro hac vice,* for appellee.