## 34657. BROWN v. MOODY et al.

JORDAN, Justice.

This appeal arises from an order denying Jeanne Brown's application for a writ of habeas corpus.

On April 25, 1975, appellant was found guilty of the murder of her husband and sentenced by the trial judge to a term of life imprisonment. On September 23, 1975, the trial court granted appellant's motion for a new trial on the grounds that the verdict was decidedly and strongly against the weight of the evidence. Subsequently, the trial judge accepted appellant's guilty plea to the lesser

offense of voluntary manslaughter and imposed a ten-year sentence. The day after this resentencing the trial judge vacated his previous grant of appellant's motion for new trial and, in absentia of both appellant and her attorney and without their consent, vacated the ten-year sentence that he had accepted pursuant to appellant's guilty plea and reinstated the sentence of life imprisonment. On August 4, 1978, appellant filed a petition for writ of habeas corpus which was denied.

1. Appellant's appeal to this court contends that the trial court violated her constitutional rights by reinstating the life sentence after she had entered upon the execution of her ten-year sentence.

"Once a person has entered upon the execution of his sentence, the court is without power to change it by increasing the punishment. This is considered a violation of the Fifth Amendment prohibition against double punishment or jeopardy." *Inman v. State,* 124 Ga. App. 190 (183 SE2d 413) (1971), citing United States v. Bing, 282 U. S. 304 (51 SC 113, 75 LE 354); *Gobles v. Hayes,* 194 Ga. 297 (21 SE2d 624) (1942); *Rutland v. State,* 14 Ga. App. 746 (82 SE 293) (1914).

Appellee's arguments that appellant was in the same custody of the sheriff she would have been in under any ruling on the motion and that she has in no way been harmed because she would have been in jail whether or not the motions were granted are without merit. Parole considerations alone point out the absurdity of such a position.

Appellee's attempted semantical distinction that the trial judge did not resentence appellant, but merely reinstated a prior sentence has no arguable merit. Appellant's valid ten-year sentence had been put into execution, and the trial court was without authority to amend or modify it by imposing a different sentence which increased the punishment. The trial court's judgment imposing a life sentence is void, and appellant's original ten-year sentence remains in force.

2. The holding in Division 1 makes a ruling on appellant's remaining enumeration of error unnecessary.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 14, 1979 — DECIDED APRIL 5, 1979.

John S. Carpenter, David D. Blum, for appellant.

Lewis R. Slaton, District Attorney, Victor Alexander, Jr., Benjamin H. Oehlert, Assistant District Attorneys, Arthur K. Bolton, Attorney General, for appellees.