## 57575. THE STATE v. TRICE et al.

DEEN, Chief Judge.

Our Constitution (Art. VI, Sec. XI, Par. II; Code § 2-4002) provides that it shall be the duty of the district attorney to represent the state "in all cases taken up from the superior courts of his circuit to the . . . Court of Appeals."

A special prosecutor may take part in the prosecution of a case on behalf of the state, and by inference of an appeal therefrom, "if he was subject to the direction and control of the district attorney." *Woods v. State,* 240 Ga. 265 (5) (239 SE2d 786) (1977). *Brown v. State,* 242 Ga. 536 (250 SE2d 438) (1978) holds to the same effect, finding that in that case, as in *Woods* and *Jackson v. State,* 156 Ga. 842 (120 SE 535) (1923) the special prosecutor was under the direction and control of the state. That this is essential is emphasized in the concurrence of Justice Hill (*Brown,* supra, p. 539 et seq.), pointing out that the duty of a prosecutor is to seek justice, not merely to convict; that the prosecutor's duties differ from those of the private practitioner; that reliance upon special prosecutors may well be a violation of due process, and that under Code Ann. § 24-2919 (4) and related sections we should apply the law so as to prevent a special prosecutor, even if acting under the direction and control of the district attorney, from taking charge of a criminal case in which he has a civil interest.

It has been called to the attention of this court that while this appeal purports to be that of the state, the district attorney had no interest and took no action in the matter, but in fact was served by the special prosecutor, acting on behalf of a prosecution witness, as any other defendant in the appeal. The superior court judge of the Flint Judicial Circuit has certified that the district attorney "refused to participate, announcing to the court that the felony indictment had been procured without his participation or approval."

We will not consider whether the felony indictment, a plea in abatement to which forms the basis of this appeal, was legally procured or not, as that question is not before us. What is clear is that the state, through its

authorized legal arm, did not wish to appeal and took no action in the matter. There is no provision of law allowing a private citizen to procure the services of a private practitioner to file appeals to this court in the name of the state, that being the Constitutional and statutory duty of the office of the district attorney. The appeal as presented to us is not sanctioned by the state, the named appellant, and accordingly must be dismissed.

*Appeal dismissed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

SUBMITTED APRIL 3, 1979 — DECIDED JULY 6, 1979.

*Harold E. Martin,* for appellant.

*E. Byron Smith, District Attorney, Howard P. Wallace,* for appellees.