## 59162. JONES v. THE STATE.

SMITH, Judge.

Appellant was found guilty of child abandonment at a non-jury trial. We affirm.

1. Appellant contends that his failure to make periodic support payments and pay his child's medical bills was the result of personal financial difficulties. Therefore, appellant asserts, the evidence was insufficient to establish that he "wilfully and voluntarily" abandoned his child.

In our view, the evidence authorized the trial court to find beyond a reasonable doubt that appellant "wilfully and voluntarily" abandoned his child. Appellant's contention that personal financial difficulties prevented him from fulfilling his support duties is, at best, a partial defense. See *Ozburn v. State,* 79 Ga. App. 823, 825 (54 SE2d 376) (1949). The evidence was sufficient to establish that appellant was nine weeks behind in his child support payments at the time the warrant was taken and that he "[had] not paid a doctor bill since May of '78, the doctor bills total $180." As the trial court stated in announcing its findings: "The court regrets that any father or any mother finds themselves in this position, because there is never, when there is a division of the home, never enough money to go around, to support each other in the same circumstances you had before. The father, Mr. Jones, he knew he had the child when he got remarried and had a responsibility first to this child, and he got married and he had a right there, but this child has his first responsibility. So the court

finds beyond a reasonable doubt the defendant is guilty of abandonment . . ." See also *Dorsey v. State,* 145 Ga. App. 750 (245 SE2d 31) (1978); *McCullough v. State,* 141 Ga. App. 840 (234 SE2d 678) (1977).

2. Appellant contends that the trial court erred in admitting "testimony relating to conduct of appellant after the date of the offense." However, even assuming that the evidence was inadmissible, appellant shows no harm. The evidence upon which the trial court relied in making its findings relates to events occurring prior to "the date of the offense."

3. The trial court sentenced appellant as follows: "The defendant having entered a Plea of Guilty, it is Sentenced, Considered, Ordered and Adjudged that: The defendant shall within three days pay a fine of———— dollars including all costs of this prosecution, fees of witnesses and jail fees and then be discharged, or in default of the payment of said fine. The defendant shall work in a public works camp under the direction of the State or County authorities or in such public works as the County or State authorities may employ, for and during a full term of 12 months, fully to be completed and ended and then be discharged, with the privilege of being discharged from this sentence at any time after being received in such public works camp by paying said fine and costs in full and it is further ordered that this sentence be computed in accordance with the provisions of Section 27-2505 of the Code of Georgia. The prison sentence is suspended and the defendant is placed on probation under supervision of the Georgia Department of Offender Rehabilitation such time as the defendant shall violate no laws of Georgia. The defendant also shall pay for the support of his minor children the sum of $35.00 per week, until each child reaches age of 18 years, becomes self-supporting, marries or dies. Said support payment above set forth shall be paid to the mother of the children by the Probation Officer."

Appellant contends that this sentence placed him on probation until his six-year-old child reaches majority and therefore constitutes punishment in excess of that allowable for a misdemeanor.

Code § 27-2709 provides in pertinent part: "The period of probation shall not exceed the maximum sentence of confinement which could be imposed upon such defendant, except that in a prosecution for and conviction of the offense of abandonment, the trial court may *suspend* the service of the sentence imposed in the case upon such terms and conditions as it may prescribe for the support by the defendant of the child or children abandoned, respectively, during the minority of such child or children,

respectively, and service of such sentence when so suspended shall not begin unless and until ordered by the court having jurisdiction thereof, after a hearing as in cases of revocation of probated sentences, because of the failure or refusal of the defendant to comply with the terms and conditions upon which service of such sentences was suspended; . . ." (Emphasis supplied.) Under Code § 27-2714, a suspended sentence "shall not have the effect of placing [the] defendant on probation . . ."

We do not believe that appellant can receive both a probated sentence and a suspended sentence conditioned upon appellant's continued support of his minor child. A trial judge is "granted power and authority to suspend *or* probate" a determinate sentence. (Emphasis supplied.) Code § 27-2502. He does not have authority to do both.[1]

If appellant's sentence could be simultaneously probated and suspended, an underlying purpose of the conditional suspension (i.e., assuring child support from appellant during the child's minority) would be defeated. Although appellant's sentence places him on probation "such time as the defendant shall violate no laws of Georgia," in no event can this probationary period exceed 12 months. See *Entrekin v. State,* 147 Ga. App. 724, supra. By serving 12 months on probation, appellant would complete his sentence. Id. at 726-727. The suspension on condition that appellant support his child until majority would be inoperative beyond the twelve-month probation period. The conditional suspension would have no sentence upon which to operate.

The conviction is affirmed. The sentence is vacated and the case is remanded with direction that the trial court resentence

---

[1] Code § 27-2709 also provides in part: "If it appears to court upon a hearing of the matter that the defendant is not likely to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law, the court in its discretion shall impose sentence upon such defendant but may stay and suspend the execution of such sentence or any portion thereof, *and* may place him upon probation under the supervision and control of the circuit probation supervisor for the duration of such probation." (Emphasis supplied.) While there may appear to be a conflict between the conjunctive language of Code § 27-2709 and the disjunctive language of Code § 27-2502, we believe that, for purposes of determining whether a sentence can be both probated and suspended, the latter section is controlling. Code § 27-2502 grants the "power and authority to suspend or probate" a sentence. Code § 27-2709 is primarily concerned with the mechanics of probation. Moreover, it would be illogical to hold that a sentence can be both probated and suspended inasmuch as probation, unlike suspension, is a form of service of sentence. See *Entrekin v. State,* 147 Ga. App. 724, 726-727 (250 SE2d 177) (1978).

appellant in a manner not inconsistent with this opinion.

We note in closing that the sentence handed down in this case is rather poorly constructed. It begins: "The defendant having entered a plea of guilty ..." As indicated by the nature of this appeal, nothing could be further from the truth. The sentence states that the "defendant shall within three days pay a fine ..." However, no fine is set. In our view, a criminal sentence, unlike the one handed down in the instant case, should be clear and unambiguous. A criminal defendant should not be required to employ the services of a "Philadelphia lawyer" to determine his sentence.

*Judgment affirmed in part; vacated in part. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JANUARY 16, 1980 — DECIDED MAY 12, 1980.

*Robert Wayne Pitts*, for appellant.
*Howard Oliver, Solicitor*, for appellee.