### 37804. HUDSON v. THE STATE.

MARSHALL, Justice.

The appellant father pleaded nolo contendere to the charge of abandonment, and was sentenced in 1975 to 12 months' im-

prisonment and a $50 fine, which sentence was suspended on the condition that he pay support for his minor children in the amount of $210 per month until their majority. The sentence order provided, inter alia, that "the court may at any time for good cause modify any of the terms or conditions of this sentence . . ."

In 1981, after notice and hearing as provided by reenacted Code Ann. § 27-2709 (d)(4) (Ga. L. 1980, pp. 1136, 1137, effective March 25, 1980), the amount of the child support payments was increased to $430 per month. At the time of the hearing, the appellant was not in arrears as to the payments, and his sentence was still suspended. The order increasing the payment amount provided: "This modification shall not be deemed a change in sentence nor shall it be deemed to change the suspended sentence to a probated sentence." The appeal is from this order. We affirm.

1. The appellant contends that the trial court erred in overruling his motion to dismiss based upon the double jeopardy provisions of the federal and state Constitutions.

" 'Once a person has entered upon the execution of his sentence, the court is without power to change it by increasing the punishment. This is considered a violation of the Fifth Amendment prohibition against double punishment or jeopardy.' *Inman v. State,* 124 Ga. App. 190 [, 192] (183 SE2d 413) (1971), citing United States v. [Benz], 282 U. S. 304 (51 SC 113, 75 LE 354); *Gobles v. Hayes,* 194 Ga. 297 (21 SE2d 624) (1942); *Rutland v. State,* 14 Ga. App. 746 (82 SE 293) (1914)." *Brown v. Moody,* 243 Ga. 473, 474 (254 SE2d 853) (1979). This principle is not applicable here for the following two reasons.

(a) Although the payment of monthly child support was made a *condition* for the suspension of the sentence, it was not *part* of the sentence, but was, in addition to a moral obligation, a statutory duty under Code Ann. § 74-105 (Ga. L. 1979, pp. 466, 492), which provides: "Until majority, it is the joint and several duty of each parent to provide for the maintenance, protection, and education of the child, except to the extent that the duty of one parent is otherwise or further defined by court order." "It has been held that the requirement of periodical [support] payments is not, strictly speaking, in the nature of a penalty, but that it is merely the enforcement of a legal obligation by summary process, and that it cannot be imposed as a penalty or punishment, since the purpose of the order is to secure a reasonable allowance for the wife's support." 42 CJS Husband and Wife 304, § 643.

"Since an order entered in a prosecution for abandonment is not a final order . . ., modification of an order for periodical payments in favor of the wife, either by increase, decrease, or total discontinuance,

is within the discretion of the court, and such order will be modified when the financial conditions of the parties change or other proper reasons exist." 42 CJS Husband and Wife 306, § 644, citing, inter alia, Esenwein v. Com. of Pa. ex rel. Esenwein, 325 U. S. 279 (65 SC 1118, 89 LE 1608), 157 ALR 1396.

In accordance with the above principle, Code Ann. § 27-2709 (d)(4) (as reenacted by Ga. L. 1980, pp. 1136, 1137), upon which the trial judge relied, provides as follows: "Notwithstanding any other provision of law to the contrary, the terms and conditions prescribed by the court as to support by the defendant shall be subject to review and modification by the court upon notice and hearing to the defendant as to the ability of the defendant to furnish support and as to the adequacy of the present support payments to the child's or children's needs. The aforementioned review as to the ability of the defendant to furnish support and as to the adequacy of the present support payments to the child's or children's needs shall not be had in less than two-year intervals and shall authorize the court to *increase as well as decrease* the amount of child support to be paid as a term and condition of the sentence so suspended, and such review as to ability to support and adequacy of support shall not be equivalent to a hearing held in cases of revocation of probated sentences for purposes of service of the suspended sentence; *nor shall such modification, if any, be deemed a change in sentence; nor shall such modification, if any, be deemed to change the suspended sentence to a probated sentence.* " (Emphases supplied.) This statute is analogous to the one on the civil, divorce law, side (Code Ann. § 30-220 (a) (Ga. L. 1977, pp. 1253, 1254)), and is necessary and proper in order to enforce the statutory child-support obligation in a manner which would allow for upward as well as downward modifications when conditions warrant.

Since the payments were not part of the sentence, then, the increase in their amount was not an increase in the sentence or punishment, as would constitute double punishment or jeopardy.

(b) The second reason for the inapplicability of the double-jeopardy principle here, has to do with the fact, which we recognized in *England v. Newton,* 238 Ga. 534, 536 (233 SE2d 787) (1977), that *"once the defendant begins to serve his sentence,* it may not be increased." (Emphasis supplied.) However, under Code Ann. § 27-2709 (d), supra, (1) and (2), "service of such sentence when so suspended shall not begin unless and until ordered by the court having jurisdiction thereof, after a hearing as in cases of revocation of probated sentences, because of the failure or refusal of the defendant to comply with the terms and conditions upon which service of such

sentences was suspended." This was recognized in *Turnipseed v. State,* 147 Ga. App. 735 (250 SE2d 186) (1978): "In both bastardy and abandonment cases, the service of the suspended sentence does not *commence* until the suspension feature is revoked, whereas in all other cases where the defendant is placed on probation, the period of maximum sentence is to be counted from the date the sentence begins." See also *Jones v. State,* 154 Ga. App. 581, 583 (fn. 1) (269 SE2d 77) (1980). This distinction between suspended and probated sentences explains decisions which may appear inconsistent herewith at first blush. E.g., *Entrekin v. State,* 147 Ga. App. 724 (6) (250 SE2d 177) (1978) — holding that, where the suspension of execution of the sentence was dependent upon a payment for child support in a certain amount per week, the court had no authority to increase the amount — involved a situation wherein the suspended sentence had been revoked, so that the defendant had begun serving his sentence. Furthermore, *England v. Newton,* 238 Ga. 534, supra, upon which the Court of Appeals there relied, involved a probated sentence, rather than an unrevoked suspended sentence, as here.

Accordingly, the trial court's increase in the amount of the child-support payments pursuant to the provisions of Code Ann. § 27-2709 (d)(4), supra, did not constitute double punishment or jeopardy, as contended in enumerated error 3.

2. Enumerated error 4 contends that the trial court unconstitutionally applied § 27-2709 (d)(4), supra, which was enacted subsequent to his original "sentence." This contention is without merit, however, in view of our holding in Division 1, supra, that the defendant's obligation to support his children in an amount commensurate with his ability and the children's needs, is a continuing statutory one, and did not become a part of the sentence, although it was made a condition for the suspension of the sentence.

3. Similarly, it was not error, as contended in enumerated error 1, to allow privately retained counsel to participate in the § 27-2709 (d)(4) hearing in behalf of the natural mother of the children. Although this proceeding arose out of a criminal proceeding, it was, as we have pointed out hereinabove, in the nature of a civil proceeding to determine the proper amount of the defendant's statutory child-support obligation. The natural mother, in the children's behalf, was entitled to have privately retained counsel to assist her in obtaining an adequate award of child support. Code Ann. § 24-2919 (4) (Ga. L. 1977, pp. 1257, 1262; as amended) and *State v. Trice,* 150 Ga. App. 588 (258 SE2d 270) (1979), cited by the appellant, are inapplicable.

4. Enumerated error 2 complains of (a) the denial of the "right" of a jury trial by § 27-2709 (d)(4); (b) the allegedly unconstitutional

post-sentencing increase in sentence; and (c) a general objection to the witnesses' testimony concerning the needs of the children. Contentions (b) and (c) are dealt with in Divisions 1, supra, and 5, post.

The constitutional guaranty of trial by jury "does not apply to special proceedings not then known [at the time of Constitutional enactment] or subsequently created or provided by statute." *Beasley v. Burt,* 201 Ga. 144, 151 (39 SE2d 51) (1946). There is no constitutional right to trial by jury in equity cases, although there are statutory authorizations for jury trials as well as statutory mandates. For example, the right to a jury trial in divorce cases is found in Code Ann. § 30-101 (Ga. L. 1956, p. 405; as amended). The right to a jury trial in modification proceedings under Code Ann. § 30-220 (a), supra, results from the provision in that section for proceedings in accordance with the rules for divorce, which gives the right of trial by jury.

Accordingly, the special statutory proceeding used in this case for modification is not unconstitutional merely because it does not provide for trial by jury.

5. Finally, the appellant contends, in enumerated error 5, that the evidence did not authorize an increase in child-support payments in that it appeared that the appellee-mother wanted to send the children to voluntary extra-curricular activities which were "neither necessary nor needed."

The appellant made no specific objections to the witnesses' testimony, and the evidence was clearly relevant to the issues of his ability and the children's needs. What is a "need" is a factual determination within the trial court's discretion. Whether the evidence was sufficient is not before this court, but rather whether there was any evidence to authorize the award. There was ample evidence authorizing the modification of child support.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents. Weltner, J., not participating.*

DECIDED OCTOBER 21, 1981 —
REHEARING DENIED NOVEMBER 4, 1981.

*William R. L. Latson, Carl A. Adcock,* for appellant.
*William E. Frey, Solicitor, Martin L. Cowen II,* for appellee.

SMITH, Justice, dissenting to Division 2.

In *Entrekin v. State,* 147 Ga. App. 724, 727 (250 SE2d 177) (1978) (Smith, Judge, concurring), the Court of Appeals held as

follows: ". . . [W]here the suspension of execution of the sentence was dependent upon a payment for child support of $40 per week the court had no authority to increase the amount to $60 and this provision was void." Under this ruling, the trial court's order that "the court may at any time for good cause modify any of the terms or conditions of this sentence" could not authorize a subsequent increase in child support as a condition of suspension. I find the majority's attempt to distinguish *Entrekin* unpersuasive at best.

In my view, an increase in appellant's child support obligation *as a condition of suspension* can only be justified, if at all, by a retroactive application of Code Ann. § 27-2709 (d)(4). I find no basis for applying this section retroactively. Thus, without reaching the merits of appellant's double jeopardy contentions, I would reverse.