## 65465. JONES v. THE STATE.

BIRDSONG, Judge.

Gary Jones was sentenced on July 27, 1978 to serve twelve months for child abandonment. This confinement was suspended indefinitely conditional upon payment of $20 per week as child support. He failed to make appropriate payment and a revocation hearing was held in March, 1979. The suspension apparently was continued conditioned on payments of $25 a week as combined support and catch-up payments. On May 21, 1980, Jones again appeared at a revocation hearing for failure to make payments. On June 4, 1980, Jones was placed on probation (i. e., removed from the status of a suspended sentence) after serving 60 days subject to immediate release upon payment of $500 and renewed support and catch-up payments of $30 weekly. Jones also was required to continue the incarceration each weekend over a 90-day period from Saturday until Monday morning.

Jones once more faced a revocation hearing in March, 1981, and on March 12, 1981, the earlier probated sentence of June 4, 1980, was continued. Yet another revocation hearing scheduled in June, 1981, was dismissed on July 9, 1981. Finally, on December 18, 1981, Jones once again was required to appear at a revocation hearing for reasons of non-payment. Prior to assessment of sentence, Jones moved to

dismiss the revocation hearing arguing that he passed from the status of a prisoner in a suspended status to one in a probated status by virtue of the order of the trial court on June 4, 1980. Because probation may not exceed the authorized length of sentence (i. e., twelve months in this case), he argued the sentence expired by operation of law on June 3, 1981, inasmuch as Jones was never returned to a suspended status by the court. The trial court, reasoning that the court simply used forms designed for probation (not having available forms for suspension) ruled that Jones had remained on suspension and denied the motion to dismiss. Upon Jones' motion for immediate review, certified by the trial court, we granted the motion for interlocutory appeal to consider the propriety of the court's ruling. *Held:*

In abandonment cases, a suspended sentence does not begin (for purposes of exhaustion) until the suspension feature is revoked, whereas when the defendant is placed on probation, the period of the exhaustion of the sentence commences to run and is counted from the date the sentence is imposed. OCGA § 42-8-34 (d) (Code Ann. § 27-2709); *Turnipseed v. State,* 147 Ga. App. 735 (250 SE2d 186). OCGA § 42-8-34 (d) (3) (Code Ann. § 27-2709) authorizes the trial court to suspend, revoke, and then again suspend a sentence so long as the total time of incarceration between suspensions does not exceed the lawfully imposed sentence to confinement. However, the trial court must affirmatively impose renewed suspension and upon the same terms and conditions of the original suspension.

Our examination of the original suspended sentence of September 5, 1978, shows Jones was required to pay $20 per week as child support. The second sentence imposed on March 3, 1979, is not clear as to the intent of the court for the court did not specify continued suspension, but it did at least imply the same terms while increasing the support payments from $20 to $25 per week.

However, all doubt was removed in the court's order of June 4, 1980. The court ordered that Jones would be continued on probation, revoked the earlier sentence, and required Jones to serve confinement as well as increasing the support payments to $30 per week. Thereafter in the orders of March, 1981 and July, 1981, the court spoke of and treated the revoked sentences as being of the nature of probation. Though we in no way wish to curtail the effective management by a trial court in the control of delinquent fathers who fail to support their children, in this case, the record clearly indicates that the trial court considered Jones on probation effective in June, 1980. Thus, Jones' claimed position, in this case, that his probated sentence to 12 months expired in June, 1981, has merit under these facts. It follows there was no unexecuted sentence subject to

suspension. Thus his motion to dismiss should have been granted. See *Jones v. State,* 154 Ga. App. 581, 583 (269 SE2d 77).

*Judgment reversed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 13, 1983.

*Richard T. Taylor,* for appellant.
*Beverly B. Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellee.