**Walter Kenneth HUDSON, Petitioner-Appellee,**

v.

**Robert DEYTON, Sheriff, Clayton County, Department of Offender Rehabilitation, Department of Pardons and Paroles, Respondents-Appellants.**

No. 84–8368.

United States Court of Appeals, Eleventh Circuit.

Sept. 17, 1985.

Mary Beth Westmoreland, Asst. Atty. Gen., Atlanta, Ga., for respondents-appellants.

William R.L. Latson, Jonesboro, Ga., for petitioner-appellee.

Before KRAVITCH and HATCHETT, Circuit Judges, and WRIGHT *, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

The State of Georgia appeals the grant of Walter Kenneth Hudson's habeas corpus petition. The court below found that an increase in the amount Hudson was obligated to pay as support for his minor child [1] constituted a prohibited *ex post facto* [2] application of Georgia law governing abandonment of minor children. Based upon the Supreme Court of Georgia's interpretation of Georgia law, we disagree, and therefore reverse the grant of writ of habeas corpus.

## I. BACKGROUND

In 1975, appellee Hudson entered a plea of *nolo contendere* to a charge of abandonment of his two minor children. He was sentenced to twelve months' imprisonment and fined fifty dollars. The sentence was suspended upon condition that he pay $210 per month support for his children until they reach the age of majority.[3] This sentence has remained suspended, and Hudson has never been incarcerated for abandonment. In May 1981, at a state court hearing for modification of the amount of child support, the monthly amount was increased to $430. This modification was based upon a finding of need for an increase and Hudson's ability to pay the increase. The order specifically provided that "[t]his modification shall not be deemed a change in sentence nor shall it be deemed to change the

suspended sentence to a probated sentence." [4]

Hudson appealed the modification to the Supreme Court of Georgia, alleging, *inter alia*, that it was made in violation of the double jeopardy and *ex post facto* provisions of the United States Constitution. Rejecting Hudson's *ex post facto* claim, the court found that "defendant's obligation to support his children in an amount commensurate with his ability and the children's needs, is a continuing statutory one, and did not become a part of the sentence, although it was made a condition of the suspension of the sentence." *Hudson v. State*, 248 Ga. 397, 283 S.E.2d 271, 274 (1981).

Hudson filed a petition for habeas corpus in the Superior Court of Clayton County, Georgia. This petition was denied without a hearing, and the Supreme Court of Georgia denied Hudson's application for a certificate of probable cause. Hudson then filed the instant action in federal district court. The district court, adopting the recommendation of the federal magistrate, ruled that the modification violated the *ex post facto* clause because the increase in the amount of support increased Hudson's actual sentence. Specifically, the court found that Hudson was not on notice at the time of his offense or his *nolo contendere* plea that the amount of child support could be increased. The district court granted Hudson's petition for habeas corpus to the extent that his child support obligation exceeded $210 per month. The state appeals.

* Honorable Eugene A. Wright, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

1. At the time of the original abandonment proceedings that form the basis of this action, Hudson had two minor children whom he was obligated to support. Subsequently, one of these children reached the age of majority.

2. U.S. Const. art. I, § 10, cl. 1.

3. The sentencing form is ambiguous. This is the interpretation the Supreme Court of Georgia gave to the form, and the federal magistrate "proceed[ed] on the assumption" that this is the sentence Hudson was given.

4. In October 1982, the support order was again modified, this time being decreased to $296 per month because one of the children had reached the age of majority. Again, the court noted that this was not a change in the sentence. Because of an error in this order, the order was subsequently amended to reduce the amount to $294 per month. Thus, although these proceedings were begun to protest an order to pay $430 per month as a condition of the sentence remaining suspended, the current order is for $294 per month. This change does not affect the legal issue involved as the amount remains above the original $210 per month.

## II. DISCUSSION

At the time appellee was given his suspended sentence, the applicable Georgia authority for such sentences in abandonment cases provided as follows:

The period of probation shall not exceed the maximum sentence of confinement which could be imposed upon such defendant, except that in a prosecution for and a conviction of the offense of abandonment, the trial court may suspend the service of the sentence imposed in the case upon such terms and conditions as it may prescribe for the support by the defendant of the child or children abandoned, respectively, during the minority of such child or children, respectively, and service of such sentence when so suspended shall not begin unless and until ordered by the court having jurisdiction thereof, after a hearing as in cases of revocation of probated sentences, because of the failure or refusal of the defendant to comply with the terms and conditions upon which service of such sentence was suspended .... Service of any sentence so suspended in abandonment cases may be ordered by the court having jurisdiction thereof at any time before such child or children, respectively, reach the age of 21 years ... after a hearing as hereinbefore provided and a finding by such court that the defendant has failed or refused to comply with the terms and conditions upon which service of such sentence was suspended by the court having jurisdiction thereof.... The sentencing judge shall not lose jurisdiction over any person placed on probation during the term of said probated sentence, and such judge is hereby empowered to revoke any or all of said probated sentence, rescind any or all of said sentence, or in any manner deemed advisable by said judge to modify or change said probated sentence at any time during the period of time originally described for the probated sentence to run.

Ga.Code Ann. § 27–2709 (1978). In 1981, when appellee's sentence was modified, the statute had been amended to read in pertinent part:

Notwithstanding any other provision of law to the contrary, the terms and conditions prescribed by the court as to support by the defendant shall be subject to review and modification by the court, upon notice and hearing to the defendant, as to the ability of the defendant to furnish support and as to the adequacy of the present support payments to the child's or children's needs. The review provided for in this Code section as to the ability of the defendant to furnish support and as to the adequacy of the present support payments to the child's or children's needs shall not be had in less than two-year intervals and shall authorize the court to increase as well as to decrease the amount of child support to be paid as a term and condition of the suspended sentence. The review as to ability to support and adequacy of support shall not be equivalent to a hearing held in cases of revocation of probated sentences for purposes of service of the suspended sentence; nor shall a modification, if any, be deemed a change in sentence; nor shall a modification, if any, be deemed to change the suspended sentence to a probated sentence.

O.C.G.A. § 42–8–34(d)(4) (1985) (formerly at Ga.Code Ann. § 27–2709).

In granting the modification, the state court employed the language of the amended statute to declare that its action did not change Hudson's sentence. The use of the modified statute is the alleged *ex post facto* violation.

■ "The *ex post facto* prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981) (citing *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 325–26, 18 L.Ed. 356 (1867)). Not every retrospective application of a law violates the *ex post facto*

prohibition. Rather, "[a]n ex post facto law possesses three characteristics: it is a criminal or penal measure, retrospective, and disadvantageous to the offender because it may impose greater punishment." *Dufrense v. Baer*, 744 F.2d 1543, 1546 (11th Cir.1984) (footnote and citations omitted). The prohibition serves to ensure "that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed.... The ban also restricts governmental power by restraining arbitrary and potentially vindictive legislation." *Weaver*, 450 U.S. at 28–29, 101 S.Ct. at 964 (citations omitted). There is no allegation of vindictive legislation here; rather, Hudson alleges that he did not receive fair notice that the court could increase the amount of support he must pay in order for his sentence to remain suspended.[5]

The Supreme Court of Georgia, however, has interpreted its own law such that this case does not involve an increase in penalty. In its opinion in this case on direct appeal the court stated:

Although the payment of monthly child support was made a *condition* for the suspension of the sentence, it was not *part* of the sentence, but was, in addition to a moral obligation, a statutory duty under Code Ann. § 74–105 (Ga. L.1979, pp. 466, 492), which provides: "Until majority, it is the joint and several duty of each parent to provide for the maintenance, protection, and education of the child, except to the extent that the duty of one parent is otherwise or further defined by court order." "It has been held that the requirement of periodical [support] payments is not, strictly speaking, in the nature of a penalty, but that it is merely the enforcement of a legal obligation by summary process, and that it cannot be imposed as a penalty or

punishment, since the purpose of the order is to secure a reasonable allowance for the wife's support." 42 CJS Husband and Wife 304, § 643.

"Since an order entered in a prosecution for abandonment is not a final order ..., modification of an order for periodical payments in favor of the wife, either by increase, decrease, or total discontinuance, is within the discretion of the court, and such order will be modified when the financial conditions of the parties change or other proper reasons exist." 42 CJS Husband and Wife 306, § 644, citing, inter alia, *Esenwein v. Com. of Pa. ex rel. Esenwein*, 325 U.S. 279, 65 S.Ct. 1118, 89 L.Ed.2d 1608, 157 A.L.R. 1396.

283 S.E.2d at 272–73. The court concluded that "[s]ince the payments were not part of the sentence, then, the increase in their amount was not an increase in the sentence or punishment ...." *Id.* at 273.[6] Contrary to the district court's findings, the Supreme Court of Georgia did not rely upon the newly amended statute in order to determine that the modification was not a change in the sentence. Rather, the court determined that the amended statute was "in accordance with" this already established principle of family law; therefore it was merely a codification of existing principles. *Id.* at 273.

The Supreme Court of Georgia thus has interpreted the provision for paying child support as a condition of suspending a sentence in an abandonment case as being neither a part of the sentence nor a punishment. "Questions of interpretation of state statutes are within the special authority of the state supreme court, and our review is limited to the question of whether the state procedure passes constitutional muster." *Williams v. Wainwright*, 650

---

**5.** We note at the outset that this is not a case where the petitioner claims that his or her punishment is greater than that which could have been imposed at the time of the misdeed. Hudson initially could have been ordered to pay $496 a month as a condition of suspending his sentence. Rather, Hudson claims that he had

no notice that the amount could be increased, and that it could only be increased under a subsequently enacted law.

**6.** This discussion was made in reference to Hudson's double jeopardy claim, then incorporated by reference to the *ex post facto* claim.

F.2d 58, 61 (5th Cir. Unit B 1981).[7] This principle is applicable here. Georgia's interpretation of child support obligations as being a pre-existing duty under state law is a reasonable interpretation of state law, and violates no constitutional principle. The Supreme Court of Georgia aptly points out the unique nature of child support obligations under state law.[8]

For the foregoing reasons the grant of the writ of habeas corpus by the district court is REVERSED.

---

**7.** The Eleventh Circuit, in *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.1982), adopted as precedent decisions of the former Fifth Circuit, Unit B, rendered after September 30, 1981.

**8.** The district court determined that the amount of child support could not have been increased under the law in effect at the time of the original abandonment proceedings. The court reached this conclusion by relying on *England v. Newton*, 238 Ga. 534, 233 S.E.2d 787 (1977) and *Entrekin v. State*, 147 Ga.App. 724, 250 S.E.2d 177 (1978). In *Entrekin*, a child abandonment case, the Georgia Court of Appeals determined that an increase in the amount defendant had to pay in child support was void, as it was an increase in the sentence. The Supreme Court of Georgia distinguished the present case from *Entrekin* in its discussion of

Hudson's double jeopardy claim. Entrekin, unlike Hudson, had failed to pay the required support and had been imprisoned for part of his sentence. The court found that Entrekin's suspended sentence had been revoked, and that he was thereafter given a probated sentence which had expired. *England*, a case involving sentences for burglaries, also involved a probated sentence, while the present case involved a sentence that remained suspended.

It is immaterial, however, whether *Entrekin* can be reconciled with the present case for the purposes of the *ex post facto* clause, as the Supreme Court of Georgia obviously has the authority to overrule a determination by the Court of Appeals that the amount of support ordered in a suspended sentence for abandonment is a part of the sentence.