74508. ACKER v. THE STATE.
(361 SE2d 509)

CARLEY, Judge.

By accusation, appellant was charged with simple battery. On March 13, 1986, following acceptance of appellant's plea of nolo contendere, the trial court imposed a sentence of twelve months which was to be suspended upon appellant's compliance with certain enumerated conditions. In October of 1986, the State petitioned for the revocation of appellant's suspended sentence. The trial court conducted a hearing and ordered the continuation of appellant's "indefinite" suspended sentence. Appellant appeals from the trial court's order continuing his "indefinite" suspended sentence.

A trial court is authorized, in its discretion, to probate or suspend criminal sentences. However, "[t]he period of probation *or suspension* shall not exceed the maximum sentence of confinement which could be imposed on the defendant, except as provided in subsection (d) of this Code section." (Emphasis supplied). OCGA § 42-8-34 (c). Subsection (d) of OCGA § 42-8-34 relates solely to cases of abandonment and is inapplicable to the case at bar. Compare *Jones v. State*, 166 Ga. App. 277 (304 SE2d 541) (1983); *Turnipseed v. State*, 147 Ga.

App. 735 (250 SE2d 186) (1978). Accordingly, appellant's suspended sentence, which was imposed in March of 1986, was not "indefinite." By its terms, that sentence was for twelve months and it would, at the latest, have run no later than March of 1987.

During the period that appellant's suspended sentence was running "in accordance with its own terms, [the trial court was authorized to] revoke the suspension and require that *the remainder* be served within a penal institution." (Emphasis supplied.) *Cross v. State*, 128 Ga. App. 774, 775 (1) (197 SE2d 853) (1973). It necessarily follows that the trial court would likewise only be authorized to order a continuation of "the remainder" of appellant's suspended sentence. Accordingly, the trial court's order, insofar as it purports to continue appellant's "indefinite" suspended sentence, is erroneous and must be reversed.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1987 —
REHEARING DENIED SEPTEMBER 18, 1987.

Harold N. Acker, *pro se.*
*Lindsay A. Tise, Jr., District Attorney*, for appellee.