A90A0121. TENNEY v. THE STATE.
(392 SE2d 294)

BIRDSONG, Judge.

Appellant, Larry William Tenney, appeals pro se his sentence and conviction of the offenses of possession of a firearm by a convicted felon, two counts of theft by conversion, and two counts of theft by taking. See generally OCGA §§ 5-6-34; 42-8-64. *Held:*

1. The record reflects that appellant entered a plea of guilty to the offenses for which indicted. Neither at trial nor on appeal does appellant assert that his plea should be withdrawn. As appellant has filed no enumerations of error or brief in his behalf, we have carefully examined the record and find appellant's guilty pleas to have been knowingly, intelligently, and voluntarily made. See generally *Boykin v. Alabama,* 395 U. S. 238 (89 SC 1709, 23 LE2d 274).

2. Review of the trial record and transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt, from appellant's knowing, intelligent, and voluntary plea of guilty, that appellant was guilty of the offenses charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Boykin,* supra at 242 (valid plea of guilty is itself a conviction); *Morgan v. State,* 191 Ga. App. 367 (2) (381 SE2d 583) (valid guilty plea is a waiver of all defenses).

3. Appellant was sentenced on each of the five counts of the indictment of which he had been found guilty. Count 3 was for theft by conversion of four video cassette tapes, with a value less than $500. Count 4 was for theft by taking of $500. The record reflects that, as to Count 3, appellant was sentenced to confinement for a period of five years to serve *consecutively* to the sentence imposed under Count 1;

and, "[t]hat the above sentence may be served on probation." As to Count 4, appellant was sentenced to confinement for a period of five years to serve *consecutively* to the sentence imposed under Count 3; and, "[t]hat the above sentence may be served on probation." Both sentences contained, inter alia, the following probation condition, "[i]f such probation is revoked, the [c]ourt may order *the execution of the sentence which was originally imposed* or any portion thereof in the manner provided by law. . . ." (Emphasis supplied.)

OCGA § 16-8-12 (a) pertinently provides that a person convicted of theft by taking (OCGA § 16-8-2) or theft by conversion (OCGA § 16-8-4) *shall be punished as for a misdemeanor*, subject to certain exceptions (including a conviction for a theft *exceeding* $500 in value) not here applicable. The maximum permissible punishment to *confinement* for misdemeanor and high misdemeanors is twelve months. OCGA §§ 17-10-3; 17-10-4.

Moreover, assuming arguendo, appellant had been eligible for sentencing as a repeat offender, under the provisions of OCGA § 17-10-7 (a), the maximum period of confinement authorized for misdemeanor Counts 3 and 4 remains at a period of twelve months as to each misdemeanor offense of which he stands convicted.

In this instance, the trial judge expressly sentenced appellant to five years confinement for both Counts 3 and 4. This period of confinement exceeded the sentence authorized by law for these two particular offenses. OCGA § 16-8-12 (a). The fact that the offenses were probated does not render this error harmless. OCGA § 42-8-34 (c) provides that "[t]he period of probation or suspension *shall not exceed* the maximum sentence of confinement which could be imposed on the defendant." (Emphasis supplied.) *Acker v. State*, 184 Ga. App. 321 (361 SE2d 509); *Entrekin v. State*, 147 Ga. App. 724 (2) (250 SE2d 177). We believe it was the intent of the legislature that the period of probated confinement imposed *for a particular offense* would not exceed the maximum sentence of confinement authorized to be adjudged for *that same offense*, even though the defendant may also have been convicted of other offenses in the same indictment warranting greater periods of punishment. "The total period of probation and confinement (if any) may not exceed the maximum time provided as punishment *for the crime.*" (Emphasis supplied.) Ga. Crim. Trial Prac. (1989 ed.), 21, 26-18, p. 697. Any other interpretation would enable the trial court to conditionally impose a period of confinement *for a particular offense* greater than that authorized by law merely by probating it after imposition.

Although, as a general rule, "[t]he judge imposing the sentence is granted power and authority to suspend or probate the sentence under such rules and regulations as he deems proper" (OCGA § 17-10-1 (a)), once service of a sentence begins to run either by incarcera-

tion or probation it cannot exceed the maximum sentence of confinement which could have been imposed. See *Turnipseed v. State*, 147 Ga. App. 735 (250 SE2d 186). Moreover, to retain jurisdiction by imposing probated confinement which exceeds the term of maximum authorized confinement "would be to increase the sentence, which of course would exceed the trial court's powers" in the absence of express statutory authority to the contrary. See *Strickland v. State*, 165 Ga. App. 197, 200 (2) (300 SE2d 537).

In this instance, as to Counts 3 and 4, the trial court has imposed probated confinement for a period of five years when the maximum period of confinement which could be imposed was for a term of one year. We cannot say this error was harmless, particularly as both sentences run consecutively and one of the conditions of the probation was, that in the event probation was revoked, the trial court could order the execution of the sentence *originally* imposed, which in this case would be confinement for five years as to both Counts 3 and 4.

Accordingly, the period of probation authorized for these two counts exceeds that authorized by statute and must be corrected. Thus, the sentence imposed as to Counts 3 and 4, only, is reversed, and the matter is remanded to the trial court for resentencing with direction that the offending portion of the sentence be eliminated.

The record and transcript reveal no other errors prejudicial to the substantive rights of the appellant.

*Judgment affirmed, but with direction that the sentence be remanded to the trial court for correction as pointed out in Division 3 above. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 12, 1990.

Larry Tenney, *pro se.*

*Thomas J. Charron, District Attorney, Frank Cox, Assistant District Attorney,* for appellee.