## 62417. HOWELL v. THE STATE.

SOGNIER, Judge.

On September 24, 1980 Howell was sentenced as an habitual violator to five years confinement and to pay a $500 fine, "and begin serving sentence by staying in Grady County Jail when not at work. Defendant to be released 30 minutes before work and to report back to jail 30 minutes after work." He was also sentenced for driving with ability impaired to 12 months confinement, an $800 fine, to pay $100 attorney fees, and with the same stipulation as to place of confinement and release for work; this sentence was to run consecutively to appellant's five-year sentence.

Howell's father died and Howell received permission to attend his father's funeral. Howell did not return as required on December 4, 1980 and was apprehended in Texas and returned to the Grady County jail. Thereafter, the probation officer filed an application for revocation of probation; a hearing was held and the trial judge ordered that appellant's probation provisions in his original sentence

"be revoked in accordance with Code Section 27-2713 . . ." and that appellant be required to serve the remainder of his sentences.

1. On appeal, appellant contends that he was not on probation, and thus, there is nothing to revoke. The state agrees that the original sentence was not a probated sentence, but contends that in effect, the trial court *modified* appellant's original sentence as authorized in Code Ann. § 27-2502. The difficulty with the state's argument is that the order of the court stated specifically that its action was taken pursuant to Code Ann § 27-2713, which relates solely to revocation of probation. Since all parties agree that appellant was not on probation, the action of the trial court was a nullity.

Even assuming, without deciding, that the trial court's action was a modification of appellant's sentence such action was not authorized, for the "modification" would *increase* appellant's sentence. In *Turnipseed v. State,* 147 Ga. App. 735-736 (250 SE2d 186) (1978), we held that while the trial court has jurisdiction to change or modify the terms of the original sentence, it "cannot, under Code §§ 27-2713 and 27-2502, *increase* the sentence originally passed. (Cit.)" See also *Dickey v. State,* 157 Ga. App. 13, 15 (276 SE2d 75) (1981).

2. The state argues that appellant did not object at trial, and cannot raise this issue for the first time on appeal. While we agree that this is the general rule, *Scott v. State,* 243 Ga. 233, 234 (253 SE2d 698) (1979), the trial court lacked jurisdiction to proceed in this case. The hearing was based on a Petition for Revocation of Probation, authorized by Code § 27-2713. Since the state concedes that there was no probation involved, no authority existed to conduct the hearing, and thus, the judgment is void for lack of jurisdiction. *Darden v. Ravan,* 232 Ga. 756, 758 (1) (208 SE2d 846) (1974).

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 28, 1981 —
REHEARING DENIED DECEMBER 2, 1981.

*J. Patrick Ward,* for appellant.

*Gil Murrah, District Attorney, J. Brown Mosely, Assistant District Attorney, Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Marion O. Gordon, John C. Walden, Senior Assistant Attorneys General, William B. Hill, Jr., Assistant Attorney General,* for appellee.