## 65331. STRICKLAND v. THE STATE.

DEEN, Presiding Judge.

The record in this case reveals that the appellant apparently suffered from a chronic inability to make child support payments when due. Convicted of abandonment in May 1978, he was sentenced to twelve months' imprisonment in the Grady County Detention

Complex, with the sentence suspended indefinitely, pursuant to OCGA § 42-8-34 (Code Ann. § 27-2709), on condition that he make weekly payments of a specified sum to his former wife for the support of their seven-year-old daughter. In August 1979, after a hearing, the suspension was revoked but subsequently reinstated following payment of the existing arrearage. The record indicates that at least two additional warrants for arrest for non-payment were served on appellant during the next two years, and that appellant's suspended sentence was continued upon payment of the arrearage.

Appellant was again arrested for non-payment in June 1982 and, after a hearing, his suspended sentence was again revoked. As in August 1979, a printed revocation form was used, with the term "probation" and the reference to Ga. Code Ann. § 27-2713 (OCGA § 42-8-38) marked out with the typewriter and the words "suspension" and "§ 27-2709" (OCGA § 42-8-34) typed in their respective places. On this latter occasion, however, appellant was placed under special work-release conditions that required him to spend every night in the detention complex but allowed him to leave and return at certain hours so that he might continue to work. He was also required to turn over his uncashed weekly paycheck to a county probation officer so that there might be deducted sums to be applied to a court-imposed fine, to the cost of room and board at the county facility, and to the child-support arrearage. This arrangement was to continue until the fine and the arrearage were paid in full. The court stated that the right to review the sentence was reserved and that at the end of the work-release confinement appellant was to be "remanded . . . to [the county] probation office to serve under the original abandonment sentence."

In August 1982, after appellant had allegedly failed to comply with the conditions regarding prompt return at the end of each working day, the arrangement was revoked following a hearing, and appellant was sentenced to serve eleven months in the detention complex. The same printed revocation form was used, but the printed terminology and citation of Code section 27-2713 were left intact. Appellant contends on appeal that the trial court erred in revoking "a non-existent probation" pursuant to Code Ann. § 27-2713. *Held:*

1. At issue is the interpretation of sections 17-10-1 (Code Ann. § 27-2502), 42-8-34 (Code Ann. § 27-2709), and 42-8-38 (Code Ann. § 27-2713) and their interaction with one another. Section 17-10-1 (Code Ann. § 27-2502) explicitly authorizes the judge imposing a sentence pursuant to conviction of a misdemeanor or felony "to suspend or probate said sentence, under such rules and regulations as he deems proper," and "to revoke said suspension or probation when the defendant has violated" its conditions. Section 42-8-34 (c) (Code

Ann. § 27-2709) vests the trial judge with discretion to suspend the sentence or to place the offender on probation. Subsection (d) makes special provisions for suspension of sentence in abandonment cases, with revocation power and procedures "as in cases of revocation of probated sentences," and with the specific admonition at (d) (3) that "[t]he sentence [after being suspended, revoked and again suspended] shall not be considered probated . . ., but such defendant shall again be under a suspended sentence." (Compare OCGA § 42-8-39 (Code Ann. § 27-2714), which also provides that suspension of a sentence "shall not have the effect of placing [the] defendant on probation.") Section 42-8-38 (Code Ann. § 27-2713) prescribes procedures for revocation of probation, these being the procedures applicable, under § 42-8-34 (d) (Code Ann. § 27-2709), supra, to revocation of suspension.

Except as noted in Division 2, infra, the procedures followed in the case *sub judice* comport with the statutory prescriptions. The trial judge acted well within his discretion in suspending appellant's sentence and in revoking and reinstating the suspension at the August 1979 and June 1982 hearings. See *Daniel v. Whitlock,* 222 Ga. 192 (149 SE2d 79) (1966). Appellant apparently bases his appeal on the use of the word "probation" and the citation of Code Ann. § 27-2713 on the printed revocation form employed. In light of the fact that this same form was used, with typewritten emendations, on the two previous occasions when the suspended sentence was revoked, and especially in light of the court's repeated use of the words "suspended" and "suspension" during the August 1982 hearing,[1] we conclude that failure to type in the substitute terms was a clerical error, and find appellant's contention regarding a "non-existent probation" to be specious and therefore without merit. Compare *Entrekin v. State,* 147 Ga. App. 724 (250 SE2d 177) (1978).

2. The court recognizes that not all appeals are as artfully drawn as might be desired. While counsel should be urged to strive for maximum clarity, nevertheless, "[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal," the court regards it as its duty to consider what it perceives to be the substance of the enumerations, even though the document "fails to

---

[1] The court notes that on one occasion near the conclusion of the June 1982 hearing the trial court employed the word "probation." He had consistently used "suspension" and "suspended" throughout the hearing, however, and the single instance must therefore be regarded as *lapsus linguae.*

enumerate clearly the errors sought to be reviewed." OCGA § 5-6-48 (f) (Code Ann. § 6-809). See also OCGA § 5-6-40 (Code Ann. § 6-810).

Although the single enumeration in this case employs a misnomer in complaining of the trial court's "revoking a non-existent probation," the court notes that at the June 1982 hearing the trial court went beyond mere reinstatement of the previously suspended sentence and ordered appellant confined to the county detention facility except during working hours, with "the original abandonment sentence" to be "serve[d]" after payments were completed. It is patent that incarceration in such a facility, even with permission to leave its confines for limited purposes, constitutes a revocation of the suspension and actual service of the sentence. While § 42-8-34 (d) (Code Ann. § 27-2709) empowers the trial court in an abandonment case to impose or to revoke suspension of a sentence at any time before the majority of the child or children involved, once the time prescribed in the sentence has actually been served (whether in confinement or on probation), jurisdiction over the offender no longer exists. Compare *Howell v. State,* 160 Ga. App. 562 (287 SE2d 573) (1981); *Jones v. State,* 154 Ga. App. 581 (269 SE2d 77) (1980); *Entrekin v. State,* supra. To purport to retain jurisdiction past the term of the sentence would be to increase the sentence, which of course would exceed the trial court's powers. OCGA § 42-8-34 (Code Ann. § 27-2709); *Higdon v. Cooper,* 247 Ga. 746 (2) (279 SE2d 451) (1981); *England v. Newton,* 238 Ga. 534 (233 SE2d 787) (1977).

Since it is apparent from the court's examination of the record and of appellant's brief that, however imperfectly he may have expressed it, it is this issue that appellant is attempting to articulate, the case should be remanded.

The case is accordingly reversed and remanded to the trial court for clarification of the sentence and proceedings not inconsistent with the above. *Jones v. State,* supra.

*Judgment reversed and remanded. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JANUARY 25, 1983.

*Joseph T. McGraw,* for appellant.
*Richard Porter, Solicitor,* for appellee.