A92A2080. HULEN v. THE STATE.
(428 SE2d 405)

JOHNSON, Judge.

In 1988, Jimmy G. Hulen was placed on probation for a term of approximately four years and eleven months. On September 21, 1990, after a probation revocation hearing, the court entered the following order: "[I]t is ordered and adjudged that the probation provisions in said original sentence be revoked in accordance with OCGA § 42-8-38 and the Defendant is hereby required to serve 30 days in addition to time served in the Gwinnett County Jail . . . subject, however, to the further provision that [he] may be released [at] 6:00 p.m., [on] Sept[ember] 23, 1990." On May 8, 1992, after another probation revocation hearing, the court entered an order purporting to revoke the probated sentence it had imposed on Hulen in 1988 and requiring him to serve the balance of that sentence in jail. Hulen appeals from the court's probation revocation order of May 8, 1992.

1. In his first enumeration of error, Hulen contends that in 1990 his probation was revoked without any portion of it being reinstated and therefore the court lacked jurisdiction to revoke it again in 1992. We agree and reverse the court's order of May 8, 1992.

"[S]entences for criminal offenses should be certain, definite, and free from ambiguity; and, where the contrary is the case, the benefit of the doubt should be given to the accused." (Citations and punctuation omitted.) *Dover v. State*, 195 Ga. App. 507, 508 (393 SE2d 760)

(1990). Here, the sentence of September 21, 1990, was certain, definite and free from ambiguity. That sentence unambiguously revoked Hulen's 1988 probation, required him to serve time in jail and ordered his release on September 23, 1990. There is no indication in the sentence that any portion of Hulen's probation was to be reinstated upon his release. Consequently, that sentence was fully satisfied when Hulen was released from jail on September 23, 1990. Because Hulen was no longer on probation, there was nothing for the court to revoke on May 8, 1992, and the court's order of that date must be reversed.

2. Because of our decision in Division 1, we need not address Hulen's second enumeration of error.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 23, 1993.

*King, King & Jones, David H. Jones,* for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney,* for appellee.