A95A0773. FULP v. THE STATE.
(458 SE2d 395)

BEASLEY, Chief Judge.

Fulp appeals a December 1, 1994, order of the Superior Court of Berrien County granting the State's "Motion to Set Aside Order of Revocation," denying defendant's "Motion and Plea of Former Jeopardy," and reinstating instanter the original terms and conditions of Fulp's sentence entered by that court on September 15, 1992. An application for discretionary appeal was also filed but was dismissed because the ruling is directly appealable. OCGA § 5-6-35 (a) (5) addresses appeals from orders *revoking* probation. Fulp correctly contends the court lacked jurisdiction to enter the order and it subjected Fulp to double jeopardy because it incurred punishment after he served his sentence under the court's order of revocation.

A chronology sets the stage. After trial by jury, Fulp was sentenced by the Superior Court of Berrien County on two counts of failure to pay for natural products or chattels, OCGA § 16-9-58 (Case Nos. 92-287, 92-288). The sentence in Case No. 92-287 was five years probation and $13,539.60 restitution and in Case No. 92-288, five years probation to be served consecutively and $15,725.60 restitution. Fulp was to remain at a diversion center until all monies were paid in full.

The following March, Fulp pleaded guilty in the Superior Court of Cook County to various offenses indicted during the January 1993 term: failure to pay for natural products between February 1, 1990, and December 31, 1990 (sentence: five years to serve, Case No. 92F-332); felony bad check, OCGA § 16-9-20, on November 14, 1990 and May 15, 1992 (sentence: three years to serve on each count, Case Nos.

93F-45, 92F-335); and theft by taking, OCGA § 16-8-2, between February 1, 1992 and July 28, 1992 (sentence: five years to serve, Case No. 92F-303).

On April 16, 1993, the Berrien court revoked Fulp's probation based upon the later Cook County pleas. The order, which bore both Berrien case numbers at the top, expressly stated that the factual basis for the revocation was the stipulation by Fulp and his counsel that Fulp's actions in Cook County violated his original sentence in Berrien Case Nos. 92-287 and 92-288. The order directed that "the probation of [Fulp] be revoked in its entirety and that [t]he defendant shall serve the next five (5) years at such place as the Department of Corrections may direct." It further ordered that all restitution previously collected be immediately dispersed to the victims. Fulp went to prison.

After Fulp was paroled, the Berrien court held a hearing on August 11, 1994, regarding the revocation order. The State argued that the statement in the order that Fulp was to serve the next five years was a "typographical error" inasmuch as *two* consecutive five-year sentences, i.e., ten years, had been originally imposed. Fulp's counsel maintained that there had been an agreement with the State that Fulp's probation would be revoked in its entirety, that Fulp would serve five years on the Berrien charges concurrently with his Cook sentences, and that he would no longer be obligated under the original terms of the Berrien probated sentences. The court agreed with the State and ruled that Fulp was still obligated on the second five-year Berrien sentence (Case No. 92-288). On October 10 it amended the revocation order of April 16, 1993, to reflect the intent to revoke Fulp's probation only in Case No. 92-287.

Shortly thereafter the State filed the motion to set aside the April 16 order of revocation and reinstate the original sentences of September 15, 1992, because the Cook convictions upon which the revocation was based were for violations which had occurred *before* the sentences of probation were imposed. In the motion, the State took a position inconsistent with its earlier one that the order of revocation was entered as to both Berrien cases. Fulp filed a "Motion and Plea of Former Jeopardy," asking that the State's motion be dismissed and arguing that any attempt to further punish him under the Berrien cases would constitute double jeopardy under the federal constitution. On December 1, 1994, the Berrien court set aside the order of revocation and reinstated the original terms and conditions of Fulp's "sentence of September 15, 1992." The validity of that order is the question before us.

The original April 16, 1993, order revoking Fulp's probation plainly was meant to apply to both Berrien charges for which he had received probated sentences. The order repeatedly mentioned both

case numbers and stated unequivocally that Fulp's probation was revoked in its *entirety*. It further directed that all restitution that had been collected "in these cases" be dispersed.

The fact that the order also stated Fulp was to serve five years rather than ten did not render it ambiguous or as a matter of law require the finding that Fulp's probation in one of the cases remained in place or was to be reinstated upon his release. OCGA § 42-8-38 (c) authorizes the court, if probation is revoked, to "order the execution of the sentence originally imposed or *of any portion* thereof." It can change or modify the terms of the original sentence so long as it does not increase it. See *Howell v. State*, 160 Ga. App. 562, 563 (1) (287 SE2d 573) (1981), applying former Code Ann. §§ 27-2713 and 27-2502.

Even if the statement of a five-year term is regarded as ambiguous, " '[s]entences for criminal offenses should be certain, definite, and free from ambiguity; and, where the contrary is the case, the benefit of the doubt should be given to the accused.' (Citations and punctuation omitted.) [Cit.]" *Hulen v. State*, 207 Ga. App. 465 (1) (428 SE2d 405) (1993).

The trial court's attempt, one-and-one-half years after the revocation and after Fulp had served in prison and was on parole, to then interpret or modify the revocation order so as to obligate Fulp on the second probated sentence, was a nullity. So, too, was the court's grant of the State's motion to set aside the revocation. Even if the basis for the revocation was invalid, i.e., violations of law which occurred *prior* to the imposition of the probated sentences which could not be violations of probation, the revocation itself could not be set aside because its terms had already been carried out. Fulp served his time and was not subject to further punishment under the original Berrien probated sentences. "[T]he sentencing court may not increase a sentence once the defendant begins serving it without violating the prohibition against double jeopardy in both the Georgia and Federal constitutions. [Cits.]" *Harris v. State*, 261 Ga. 859, 860 (2) (413 SE2d 439) (1992).

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 14, 1995.

Barham & Dover, J. Carol Sherwood, Jr., for appellant.
Robert B. Ellis, Jr., District Attorney, Robert D. Cullifer, Assistant District Attorney, for appellee.