## A98A1212. ARRINGTON v. THE STATE.
### (505 SE2d 851)

ANDREWS, Chief Judge.

Anthony Wayne Arrington, a paramedic, appeals from the trial court's denial of his motion to be discharged from probation under the First Offender Act, OCGA §§ 42-8-60 through 42-8-65.

On July 9, 1992, Arrington pled guilty to eight counts of a nine-count indictment involving improper use of medical supplies and equipment. Count 9 of the indictment alleged unlawful possession of a dangerous drug, diphenoxylate, under OCGA § 16-13-29 (1) (D), a felony punishable by imprisonment for up to five years. The remaining counts involved misdemeanor possession charges, each punishable by imprisonment up to 12 months.

Arrington was first sentenced under the First Offender Act, without an adjudication of guilt, to five years of probation on Count 9, with the added provisions of one hundred eighty hours of commu-

nity service and that he not be employed in any medically related field during that time, followed by five consecutive sentences of twelve months of probation on each of Counts 2 though 6, with an additional two twelve-month sentences on Counts 7 and 8, concurrent with the sentence on Count 9. The additional restriction on medical employment was imposed on each of the misdemeanor counts as well. This resulted in a total of ten years of probation to be served by Arrington, the first five to be served under the provisions of the First Offender Act which are applicable only to felonies. The remaining five years of probation consisted of five misdemeanor sentences, to be served consecutively.

The court found that Arrington had completed the community service and five years of probation on Count 9 without incident. The court, however, then concluded that the ten years of probation were intended to be one sentence and declined to discharge him pursuant to the First Offender Act regarding the felony sentence.

It is well established that " ' "sentences for criminal offenses 'should be certain, definite, and free from ambiguity; and, where the contrary is the case, the benefit of the doubt should be given to the accused.' " ' *Dilas v. State*, 159 Ga. App. 39, 40 (1) (282 SE2d 690) [(1981)]; [cits.]." *Gilpatrick v. State*, 226 Ga. App. 692, 696 (487 SE2d 461) (1997). See also *Fulp v. State*, 217 Ga. App. 603 (458 SE2d 395) (1995); *Hulen v. State*, 207 Ga. App. 465 (428 SE2d 405) (1993).

It is for this reason that each count of a multi-count indictment must be sentenced separately. *Dilas*, supra at 40 (1). It therefore follows that once the sentence imposed pursuant to the First Offender Act has been served, it should be discharged. Arrington has followed all of the requirements of that sentence, and his record should be cleared of that charge in accordance with OCGA § 42-8-62. If Arrington were to become employed in any medical field within the next five years or violate any other condition of his remaining five years of probation, probation could still be revoked for the misdemeanor sentence he was then serving.

OCGA § 42-8-62 (a) provides that "[u]pon fulfillment of the terms of probation, . . . the defendant *shall be discharged* without court adjudication of guilt. The discharge shall completely exonerate the defendant of any criminal purpose and shall not affect any of his civil rights or liberties; and the defendant shall not be considered to have a criminal conviction." (Emphasis supplied.)

For the aforementioned reasons, the case is remanded to the trial court for action in conformity with this opinion.

*Judgment reversed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 1, 1998.

*Murphy, Murphy & Garner, Michael L. Murphy*, for appellant.
*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.