A99A1240. THOMPSON v. THE STATE.
(523 SE2d 53)

BLACKBURN, Presiding Judge.

Ronald Wade Thompson appeals the denial of his motion to dismiss a probation warrant, contending that the trial court lacked jurisdiction to issue the warrant because his sentence was completed. Because the language of Thompson's sentence is ambiguous and we are required to construe any ambiguities in the sentence to the

defendant's benefit, we reverse.

On December 19, 1991, Thompson pled guilty to one count of forgery in the second degree and was sentenced to five years probation consecutive to a sentence imposed in a prior conviction. In addition, the trial court required Thompson to attend alcohol counseling twice monthly for two years after his release from prison as a special condition of his probation. As the sentence in the prior conviction ended on or about August 18, 1994, Thompson began his five-year probated sentence that same date. Thus, his sentence would have been completed on or about August 18, 1999.

On April 17, 1995, the trial court, finding that Thompson had violated the terms of his probation, ordered in relevant part:

> [T]he probation provisions, in said original sentence be: Revoked in accordance with OCGA § 42-8-38, 17-10-1 (a) (3) (A) and the Defendant is hereby required to complete the Detention Center Program, at the Northwest Probation Detention Center. He is also required to attend weekly alcohol counseling until expiration of sentence.

Thompson completed the Detention Center Program in August 1995, approximately one year after his five-year probated sentence began.

In April 1998, Thompson was arrested for aggravated assault, criminal trespass and driving on a suspended license. After the State filed a petition for modification/revocation of probation based on the aggravated assault charge, Thompson filed a plea of former jeopardy and motion to dismiss the probation warrant, which was denied by the trial court. The trial court found that the April 17, 1995 order intended for Thompson to remain on probation supervision after his release from the probation detention center.

Thompson contends that his sentence ended in August 1995 when he completed the Detention Center Program in accordance with the trial court's April 17, 1995 order. Thus, he asserts the trial court erred by denying his motion to dismiss the State's petition to revoke probation. We agree.

We are called upon to interpret the trial court's order in which Thompson's probation was revoked, and we look to the intent expressed in the order as written. *Hulen v. State*, 207 Ga. App. 465 (428 SE2d 405) (1993). The language at issue in *Hulen* was identical to the language here, stating "that the probation provisions in said original sentence be revoked in accordance with OCGA § 42-8-38." The order continued, sentencing Hulen to incarceration and stating the date of his release. "There [was] no indication in the sentence that any portion of Hulen's probation was to be reinstated upon his release." Id. at 466 (1). Likewise in *Fulp v. State*, 217 Ga. App. 603

(458 SE2d 395) (1995), the trial court stated that probation was revoked "in its entirety," and Fulp was sentenced to serve five years.

In the present case, the order expresses the intent to abolish the sentence of probation in the original order and change Thompson's sentence from five years probation to incarceration. The order expressly revoked the probation provisions in the original sentence and sentenced Thompson to a detention center. Notably, probation was not reinstated after completion of the Detention Center Program.

The State argues that the requirement that Thompson attend weekly alcohol counseling "until expiration of sentence" indicates that his probation was to continue. However, that requirement is also consistent with Thompson's interpretation that the sentence and alcohol counseling terminated when Thompson's incarceration ended, which he believed to be the end of his sentence. These two conflicting interpretations show that the sentence is ambiguous with regard to whether Thompson was to remain on probation supervision after completing the detention center program.

Sentences must be clear, unambiguous and above reasonable question as to the intent. *Fulp*, supra. "[W]here the contrary is the case, the benefit of the doubt should be given to the accused." (Punctuation omitted.) Id. at 605. A "[d]efendant must be given the benefit of the doubt as to the effect of the sentence. In other words, the ambiguous sentence must be given the construction which favors the liberty of the individual." (Citation omitted.) *Thomason v. State*, 199 Ga. App. 875, 876 (2) (406 SE2d 528) (1991). Consequently, under the circumstances of this case, we are required to give Thompson the benefit of the doubt. Thus, the sentence must be construed as sentencing Thompson to completion of the Detention Center Program in lieu of probation, and the trial court abused its discretion by denying Thompson's motion. *State v. Jones*, 196 Ga. App. 896 (397 SE2d 209) (1990).

*Judgment reversed. Barnes and Ellington, JJ., concur.*

DECIDED SEPTEMBER 29, 1999.

*Sanford A. Wallack, Jill L. Anderson, Lee W. Fitzpatrick*, for appellant.

*David McDade, District Attorney, Stephen L. Corso, Assistant District Attorney*, for appellee.