### S99A1580. MERNEIGH v. THE STATE.
(525 SE2d 362)

CARLEY, Justice.

In 1987, Raymond Lawrence Merneigh pled guilty to charges of burglary and theft by taking in Case No. CR86-758. The trial court sentenced him to 20 years on the burglary count, with nine to be served and the remainder on probation, and to a consecutive probated 20-year term on the theft count. After Merneigh's subsequent arrest in 1991, the trial court "ordered and adjudged that the probation provisions, in said original sentence be revoked . . . and the Defendant is hereby required to serve: Two years on . . . CR86-758." When Merneigh completed serving the two years, he was again arrested, and the State filed a petition for revocation in Case No. CR86-758. Merneigh filed a plea of former jeopardy and motion to

dismiss. At the hearing, the trial court concluded that only the probated sentence on the burglary count was revoked in 1991, because Merneigh was serving only that sentence and there had been no express revocation of the other, consecutive probated sentence for theft by taking. Accordingly, the trial court revoked the original 20-year sentence for theft in Case No. CR86-758 and required Merneigh to serve five years. The Court of Appeals denied his application for discretionary appeal. We granted Merneigh's petition for certiorari and his application in order to consider the trial court's denial of the plea of former jeopardy.

In 1976, we construed OCGA § 42-8-34 (g) in conjunction with former OCGA § 17-10-1 (a), and held that "a trial judge can revoke a probated sentence that is to begin at a future date." *Parrish v. Ault*, 237 Ga. 401, 402 (228 SE2d 808) (1976). The statutory language upon which *Parrish* relied remained unchanged until after entry of the trial court's 1991 probation revocation order. See Ga. L. 1992, pp. 3221, 3223, 3224-3225, § 1; OCGA § 17-10-1 (a) (5) (A). Thus, in 1991, the trial court was clearly authorized to revoke both probated sentences, even though Merneigh had not yet begun to serve the consecutive theft sentence. To determine whether the trial court actually exercised that authority in the 1991 revocation, we must "look to the intent expressed in the order as written. [Cit.]" *Thompson v. State*, 240 Ga. App. 198, 199 (523 SE2d 53) (1999). Nothing in that order limits the revocation to only one of the counts in Case No. CR86-758 or excludes the future probated sentence for the theft. Indeed, the language of the order is comprehensive, revoking the "probation provisions" and imposing two years incarceration by reference to the case number, without distinguishing between the burglary and the theft counts. Therefore, the trial court apparently intended for its 1991 order to apply to both offenses for which Merneigh had received probated sentences. See *Fulp v. State*, 217 Ga. App. 603, 604-605 (458 SE2d 395) (1995). Even if the revocation order was ambiguous, we cannot construe it as revoking only one of the probated sentences, because " ' "(s)entences for criminal offenses should be certain, definite, and free from ambiguity; and where the contrary is the case, the benefit of the doubt should be given to the accused." . . . (Cit.)' [Cit.]" *Fulp v. State*, supra at 605. See also *Huff v. McLarty*, 241 Ga. 442, 444-445 (246 SE2d 302) (1978); *Thompson v. State*, supra; *Hulen v. State*, 207 Ga. App. 465 (428 SE2d 405) (1993). "There is no indication in the [two-year] sentence that any portion of [Merneigh's] probation was to be reinstated upon his release. Consequently, that sentence was fully satisfied when [he] was released from jail. . . ." *Hulen v. State*, supra at 466 (1). Thus, the trial court's later attempt to revoke part of the probated sentence for theft was a nullity. He served his time thereunder and was not subject to further punish-

ment under either of the original probated sentences. *Fulp v. State*, supra at 605. Because Merneigh "was no longer on probation, there was nothing for the court to revoke. . . ." *Hulen v. State*, supra at 466.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 18, 2000.

Raymond L. Merneigh, *pro se.*
David McDade, *District Attorney,* James E. Baker, *Assistant District Attorney,* for appellee.