## A01A0931. STAFFORD v. THE STATE.
(554 SE2d 219)

JOHNSON, Presiding Judge.

On October 2, 2000, Travis Stafford pled guilty to theft by receiving a stolen motor vehicle. The trial court sentenced Stafford to serve three years on probation under the First Offender Act.[1] Two weeks

---

[4] 749 F2d 670 (11th Cir. 1984).
[5] Id. at 675.
[1] OCGA § 42-8-60 et seq.

later, the state moved the court to reconsider its first offender sentence because Stafford already used his one opportunity to be treated as a first offender when, in 1999, he pled guilty to simple battery and was sentenced under the First Offender Act. The trial court granted the state's motion, ordering that Stafford still serve three years on probation, but that he not be sentenced under the First Offender Act.

Stafford appeals from the trial court's order removing his status as a first offender from his sentence. He asserts that the First Offender Act applies only to felony, not misdemeanor, offenses. Stafford, however, has not gone beyond this assertion to explain how it renders the trial court's refusal to treat him as a first offender for the current felony erroneous. But the logical conclusion of his unfinished argument seems to be this: If the First Offender Act does not apply to misdemeanors, then Stafford's prior use of that Act for the misdemeanor offense of simple battery is a nullity, so he may now use the Act for the first time in this felony case.

Regardless of Stafford's ultimate argument, the premise of his appeal — that the First Offender Act may not be used in misdemeanor cases — is incorrect. On the contrary, the First Offender Act can be used in misdemeanor cases. Accordingly, Stafford's claim that the trial court erred in granting the state's motion to reconsider the first offender portion of the sentence is without merit.

The First Offender Act provides, in pertinent part: "Upon a verdict or plea of guilty . . . , but before an adjudication of guilt, in the case of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant . . . [d]efer further proceeding and place the defendant on probation as provided by law. . . ."[2]

We must read the statute according to the natural import of its language, without resorting to a forced construction for the purpose of limiting its operation.[3] Absent words of limitation, we must give the statute's words their ordinary and everyday meaning.[4] According to the natural import of the First Offender Act's language, there is nothing limiting the Act's application to felony offenses.

It is true that the statute plainly limits its availability to cases in which the defendant does not have a *prior* felony conviction. But this limitation simply means that if a defendant has previously been convicted of a felony, then he is ineligible for treatment as a first offender on any subsequent criminal offense. Conversely, if a defendant has no prior felony convictions, then the court may sentence him

---

[2] OCGA § 42-8-60 (a) (1).

[3] *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 693 (353 SE2d 186) (1987).

[4] *Mgmt. Compensation Group &c. v. United Security Employee Programs*, 194 Ga. App. 99, 101-102 (2) (389 SE2d 525) (1989).

as a first offender upon a guilty plea or verdict for a criminal offense. But nothing in the statute limits that criminal offense to a felony, i.e., nothing in the statute excludes a misdemeanor from being such an offense. Absent such limiting words, we will not resort to a forced construction of the statute to impose a limitation. Rather, we must give the statute's language its ordinary meaning, which plainly allows the First Offender Act to apply to both felony and misdemeanor offenses.

This reading of the statute is consistent with opinions from the Supreme Court, Court of Appeals and Attorney General of Georgia. Although the issue of whether a misdemeanor offense may qualify for First Offender Act sentencing has never been directly ruled upon by either of the state's appellate courts, both courts have reviewed cases in which first offender sentences were imposed for misdemeanor offenses, and neither this Court nor the Supreme Court has indicated that such sentences were improper.[5] Likewise, the Office of the Attorney General has issued its opinion expressly finding that the First Offender Act may be used in misdemeanor cases.[6]

In contradiction of the appellate court opinions, the Attorney General's opinion and the plain language of the First Offender Act, Stafford cites *Arrington v. State*,[7] in which this court made the off-handed comment that five years of the appellant's probated sentence were "to be served under the provisions of the First Offender Act which are applicable only to felonies."[8] That comment was mere dicta because the issue ruled on in the case was not whether the First Offender Act applies only to felonies, but whether the appellant had fulfilled the terms of his probated sentence and should be discharged under the Act. Moreover, the statement is incorrect because, as discussed above, the provisions of the First Offender Act do not apply only to felonies, but also apply to misdemeanors. Consequently, the dicta in *Arrington* stating that the First Offender Act is limited to felonies is hereby disapproved.

Under the First Offender Act: "[U]pon the court determining that the defendant is or was not eligible for sentencing under this article, the court may enter an adjudication of guilt and proceed as

---

[5] See, e.g., *Bowers v. Shelton*, 265 Ga. 247 (453 SE2d 741) (1995) (defendant pled guilty to misdemeanor tax offenses and was sentenced under the First Offender Act); *Strong v. State*, 263 Ga. 587, 589 (3) (436 SE2d 213) (1993) (state cross-examined defendant and a defense witness about defendant's prior guilty plea under First Offender Act to misdemeanor offense of carrying a pistol without a license); *Littlejohn v. State*, 191 Ga. App. 852 (383 SE2d 332) (1989) (appellant sentenced under First Offender Act for misdemeanor criminal trespass).

[6] 2000 Op. Atty. Gen. 1.

[7] 234 Ga. App. 187 (505 SE2d 851) (1998).

[8] Id. at 188.

otherwise provided by law. No person may avail himself of this article on more than one occasion."[9] In the instant case, because Stafford availed himself of the First Offender Act in 1999 after pleading guilty to simple battery, he may not now avail himself of it a second time. The trial court therefore did not err in refusing to sentence Stafford under the First Offender Act for his current theft by receiving conviction.

*Judgment affirmed. Blackburn, C. J., Pope, P. J., Andrews, P. J., Smith, P. J., Ruffin, Eldridge, Barnes, Miller, Ellington, Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 15, 2001.

*Willie T. Yancey, Jr.*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.