## A02A0568. GRIFFIN v. THE STATE.
(563 SE2d 916)

BLACKBURN, Chief Judge.

Cornell Antonio Griffin appeals from the trial court's order revoking his probation, contending that this order was a nullity because, at the time that the revocation was entered, his probated sentence already had been served in full. For the reasons set forth below, we affirm.

The record shows that, on May 31, 1996, Griffin pled guilty to aggravated battery. Griffin was given a ten-year sentence including one year of incarceration and nine years of probation. On February 23, 1999, the trial court entered a special order in which it found that Griffin had violated his probation by failing to report to his probation officer, moving without prior permission, and failing to pay certain court-ordered fines. The special order states:

> Having waived his . . . right to a full hearing before this Court, and *in lieu of full revocation*, the Defendant consents to, and agrees to abide by the *amended provisions* of his . . . sentence. (1) The Defendant shall pay $150 per month until all fines and [fees] are paid in full. (2) The Defendant shall complete 100 hours of community service work. [(3)] The Defendant shall be placed back on active supervision and shall be supervised as a maximum case *for the first six months*.

(Emphasis supplied.)

On April 26, 2001, the trial court once again revoked Griffin's probation for, among other things, committing certain felonies. At this time, the trial court held: "1) The Defendant is to serve 3 years with credit for time served since 09/26/00. 2) The Defendant is to continue on probation." Griffin subsequently filed a motion to vacate this probation revocation order, contending that: (1) the trial court violated OCGA § 42-8-34.1 by revoking his probation and sentencing him to more than two years in confinement; and (2) he was not on probation at the time of the second revocation order because no explicit term of probation was designated in the trial court's special order of February 23, 1999.

After considering Griffin's motion, the trial court vacated its April 26, 2001 probation revocation order, finding that its sentence of three years of incarceration did exceed the maximum of two years set forth in OCGA § 42-8-34.1. Then, following a hearing on September 4, 2001, the trial court rejected Griffin's argument that his probated sentence had already been fulfilled pursuant to the February 23, 1999 special order, and it once again found that Griffin had violated

his probation and sentenced him to serve the balance of his probation in jail.[1] It is this ruling which Griffin appeals.

The outcome of Griffin's appeal requires scrutiny of the trial court's February 23, 1999 special order. In construing this order, we must look to the intent expressed in it as written. On its face, this order makes it clear that Griffin's prior sentence is being revoked only in part, not in full. It also explicitly indicates that Griffin's prior sentence was being amended and that Griffin agreed to abide by the additional requirements set forth in the order. Furthermore, the special order specifically addressed Griffin's *continuing* probation from his original sentence, placing him back on maximum supervision "for the first six months." The only logical construction of this language is that Griffin's original sentence, including his probation, continued with the additional conditions set forth in the special order.

Griffin's argument that the special order is ambiguous and must be construed to mean that his sentence of probation was reduced to six months lacks merit. As discussed above, such a construction forces an illogical construction on the trial court's special order. Moreover, the cases relied upon by Griffin are distinguishable from this one. In *Hulen v. State*,[2] *Fulp v. State*,[3] and *Merneigh v. State*,[4] the initial order revoking probation in each case explicitly stated that it was revoking probation in full, not in part, and no mention was made in these orders regarding the continuing probation of the defendant. As such, these cases have no application here.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED APRIL 10, 2002 — 

*Jeffrey M. Gore, Monica T. Myles*, for appellant.
*David McDade, District Attorney, Pamela D. Brophy, Assistant District Attorney*, for appellee.

[1] The balance of Griffin's probation was less than the two-year maximum.
[2] *Hulen v. State*, 207 Ga. App. 465 (428 SE2d 405) (1993).
[3] *Fulp v. State*, 217 Ga. App. 603 (458 SE2d 395) (1995).
[4] *Merneigh v. State*, 271 Ga. 883 (525 SE2d 362) (2000).